UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARLAND HALL,

                Petitioner,                    Case Number 2:09-CV-12467
                                                               Honorable Paul D. Borman

v.

NICK LUDWIG,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

      Petitioner, Garland Hall, is serving consecutive sentences of 10-to-25 years and 7-to-20 years for his Washtenaw Circuit Court convictions of first-degree criminal sexual conduct, MICH. COMP. LAWS 750.520b(1)(c), and first-degree home invasion. MICH. COMP. LAWS 750.110a(2). Petitioner's application for habeas relief raises three claims challenging these convictions: (1) there was insufficient evidence offered at trial to prove his identity as the perpetrator of the crimes; (2) there was insufficient evidence to justify his bindover for trial; and (3) his Fourth Amendment rights were violated. The Court will deny the petition because Petitioner's claims are without merit.

**II. Background**

      At Petitioner's jury trial, the victim, Katie Forbes, testified that she lived in an apartment on the Eastern Michigan University campus in Ypsilanti. The apartment was located on a busy street, and the sliding glass door that opened to the porch would not lock properly.

During the night of March 24, 2004, Forbes awoke when she felt a man putting his fingers in her vagina. Forbes started kicking and screaming, and she tried to pull her blanket back over her body. A tug of war developed over the blanket, and eventually the man left her room. Forbes grabbed her cell phone, but before she could place a call, the man came back into her bedroom. He was wearing a striped knit hat that her friend had left in the apartment. Forbes started screaming and kicking again, and the man left. Forbes barricaded herself in her room by sliding her desk in front of her door. When she eventually heard her roommate's voice, she came out of her room and saw the police had arrived. Forbes noticed that the sliding glass door was open a few inches.

Later that night, Police officers found a hat lying on a nearby street. Forbes was taken to the intersection and identified the hat as the one taken from the apartment. DNA analysis showed that a hair found in the hat matched Petitioner's hair. A Federal Bureau of Investigation expert testified that the mitochondrial DNA sequence on the hair would not appear in more than two-tenths of one percent of the African-American population.

Police stopped Petitioner's vehicle shortly after the incident. His licence plate had been associated with another sexual assault occurring in Ann Arbor earlier that night. Police drove Forbes to the location of the arrest, but she was unable to identify Petitioner as the man who assaulted her. Forbes was also unable to identify Petitioner at a lineup procedure.

Police officers obtained fingerprints from around the apartment, but none of the prints matched Petitioner's. Officers also removed a portion of the handrail from the porch and sent it to the Michigan State Police. The state police crime lab identified Petitioner's DNA on the handrail. The probability of an unrelated person having the same profile was calculated to be 1-in-2.2 million.

Based on this evidence, the jury convicted Petitioner as charged. The trial court subsequently imposed consecutive sentences of 10-to-20 and 7-to-15 years in prison.

Petitioner did not file a timely claim of appeal. His delayed request for the appointment of appellate counsel was granted. Petitioner's appellate counsel filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising what now form his three habeas claims. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *People v. Hall*, No. 281834 (Mich. Ct. App. April 17, 2008). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard order. *People v. Hall*, 482 Mich. 990 (2008).

**III. Standard of Review**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme

3

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in

4

federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

## IV. Discussion

### A. Sufficiency of the Evidence at Trial

Petitioner's first claim asserts that constitutionally insufficient evidence was offered at trial to establish his identity as the perpetrator of the crimes. This claim does not provide a basis for granting habeas relief because it was reasonably rejected by the state courts.

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken,

5

but that they must nonetheless uphold." *Id.*

The Michigan Court of Appeals denied Petitioner relief by using its common form order stating that his application for leave to appeal was denied "for lack of merit in the grounds presented." When a state court summarily denies a claim in this way, it is still entitled to the deferential standard of review under § 2254(d). In such cases, "a habeas court must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Here, a fairminded jurist could find that the state appellate court's rejection of Petitioner's sufficiency of the evidence claim was consistent with the *Jackson* standard. While it is true that the victim was unable to identify Petitioner either at the one-on-one confrontation after Petitioner's arrest or at the subsequent lineup procedure, there was compelling evidence presented at trial establishing his identity as the perpetrator. The evidence indicated that the perpetrator entered the victim's apartment through a door-wall leading to a porch. Skin cells found on the porch railing were identified through DNA analysis as being consistent with Petitioner's DNA profile. The probability of selecting an unrelated individual from the African-American community with the same profile was 1-in-2.2 million. Likwise, the victim testified that she saw the perpetrator wearing her friend's knit hat when he entered her bedroom the second time. The police recovered a hat on the street, and both the victim and her friend testified that it was the hat in question. DNA analysis of a hair found in the hat contained the same mitochondrial DNA sequences as Petitioner's. That sequence would not be seen in more than two-tenths of one percent of the African-American population. The DNA evidence presented in

6

this case allowed for a rational juror to find that Petitioner was the perpetrator of the crimes. More importantly, the state court decision rejecting Petitioner's claim was at least reasonable. Accordingly, Petitioner is not entitled to habeas relief based on this claim.

**B. Sufficiency of the Evidence at Preliminary Examination**

Petitioner's second claim asserts that there was insufficient evidence presented at the preliminary examination to bind him over for trial. Petitioner notes that at the time of the exam, the DNA analysis on the hair found in the hat had not yet been completed.

Petitioner's claim is not cognizable on habeas review. There is no general constitutional right to a preliminary examination before trial. *See Gerstein v. Pugh*, 420 U.S. 103, 125 n.26 (1975); *Harris v. Neil*, 437 F.2d 63, 64 (6th Cir. 1971). Thus, a state court's failure to even hold a preliminary examination does not present a cognizable habeas claim. *See Scott v. Bock*, 241 F. Supp. 2d 780, 793 (E.D. Mich. 2003) (Lawson, J.). Similarly, therefore, a claim that the evidence offered at a preliminary examination was insufficient for a finding of probable cause is not cognizable on habeas review. *See David v. Lavinge*, 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002) (O'Meara, J.).

**C. Probable Cause for Search Warrant**

Petitioner's third claim asserts that the police lacked probable cause to arrest him and obtain a search warrant for his DNA.

Federal courts will not address a Fourth Amendment claim on habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the

"court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90, 93-94 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner has not done so. The record reveals that Petitioner challenged the propriety of his arrest and the search warrant by filing a motion to suppress. The state court entertained the motion, heard argument, and denied it for lack of merit. Petitioner then raised his Fourth Amendment issue before the Michigan Court of Appeals, which denied relief on the merits, and before the Michigan Supreme Court, which denied leave to appeal. Consequently, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. Accordingly, his claim challenging the validity of his arrest and the search warrant is not cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted.

## V. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

When a district court denies a habeas petition a certificate of appealability should issue only if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, for reasons stated in greater detail in the opinion and order denying the petition, this Court found that Petitioner's application for a writ of habeas corpus is meritless. The Court will deny petitioner a certificate of appealability with respect to his claims because reasonable jurists would not find it debatable whether this Court was correct in determining that the petition should be denied. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## VI. Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and permission to proceed on appeal in forma pauperis.

**SO ORDERED.**

_____
Honorable Paul D. Borman
United States District Judge

Dated: 3-26-12