UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARLAND HALL,

    Petitioner,                                                     Civil No. 2:09-cv-12467
                                                                   Hon. Paul D. Borman

NICK LUDWIK,

    Respondent.
_____/

**ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT [ECF No. 11]**

In 2009, Garland Hall, a state prisoner convicted of first-degree criminal sexual conduct in the Washtenaw Circuit Court, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court denied relief on the merits. (ECF No. 9.) Before the Court is Petitioner's motion for relief from judgment, filed under Fed. R. Civ. P. 60(b)(6). The motion will be transferred to the United States Court of Appeals for the Sixth Circuit as an application for authorization to file a second or successive habeas petition.

Petitioner's motion for relief from judgment asserts that his state court appointed appellate counsel deprived him of the effective assistance of counsel when he: (1) filed a delayed application for leave to appeal in the Michigan Court of

Appeals rather than an appeal of right, and (2) failed to file motions to preserve his claims for appellate review.

A threshold question is whether the motion for relief from judgment must be construed as a second or successive habeas petition. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The "judgment" from which relief may appropriately be sought under Rule 60(b) is the Court's ruling on the prior habeas petition itself. That is, a Rule 60(b) motion would be appropriate to "attack [] ... some defect in the integrity of the [prior] federal habeas proceedings." *Id*. at 532. A motion that, for instance, "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"— should not be construed as a second or successive habeas petition. *Id*. at 532 n. 4.

In contrast, "[w]here a Rule 60(b) motion presents a 'claim,' such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion." *Hourani v. United States*, 239 F. App'x 195, 197 (6th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 532). In short, new claims that challenge the underlying conviction or

2

sentence or "the substance of the federal court's resolution of a [prior habeas] claim on the merits" are not appropriately brought under Rule 60(b). *Gonzalez*, 545 U.S. at 532.

Petitioner's motion raises new substantive claims of ineffective assistance of appellate counsel that directly challenge the validity of his conviction. It does not assert a defect in the Court's adjudication of his habeas petition. The motion is therefore the functional equivalent of a second habeas application governed by 28 U.S.C. § 2244(b).

Under § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). Because Petitioner's Rule 60(b) motion is the functional equivalent of a successive habeas petition, and because he has not obtained authorization from the Sixth Circuit to file such a petition, the Court lacks jurisdiction to consider the merits of Petitioner's new claims. *See Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005)("§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition.").

3

The Sixth Circuit has instructed the district courts to transfer to the Sixth Circuit any second or successive petition for habeas relief filed in the district court without authorization, pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Clerk of Court shall **TRANSFER** this motion to the United States Court of Appeals for the Sixth Circuit to be considered as a motion for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

**SO ORDERED**.

Dated: August 9, 2021

s/Paul D. Borman
Hon. Paul D. Borman
United States District Judge